```
         IN THE UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| SCOTT R. DETLOFF,<br><br>       Petitioner,<br><br>    v.<br><br>DAVID ORTIZ,<br><br>       Respondent. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 17-1716 (JBS)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE, U.S. District Judge:**

    1.   Petitioner is proceeding pro se with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in which he challenges the calculation of his federal sentence. (Docket Entry 1). Petitioner was in custody of the Federal Bureau of Prisons in this District at FCI Fort Dix when he filed this Petition, and he has been transferred to FCI Milan, Michigan.

    2.   Petitioner was arrested by the State of Michigan on October 11, 2009. Declaration of J.R. Johnson ("Johnson Dec.") ¶ 4. He was sentenced on December 22, 2009, and resentenced on the same charges on August 16, 2011 to a term of 2 years, 6 months to 15 years, with 602 days of credit. Johnson Dec. ¶¶ 5-6.

    3.   The United States District Court for the Eastern District of Michigan ("Eastern District") issued a writ of habeas corpus ad prosequendum for Petitioner to appear on unrelated federal charges on April 25, 2012.

4. The Michigan Department of Corrections ("MDOC") determined Petitioner would be eligible for parole as of June 21, 2012. Johnson Dec. Attachment 10. As the U.S. Marshals Service ("Marshals") had filed a detainer against Petitioner on April 30, 2012, see Johnson Dec. Attachment 5 at 1, MDOC sent a letter to the U.S. Attorney's Office for the Eastern District of Michigan on May 7, 2012 indicating the "current decision of the parole board" was that Petitioner "[h]as a parole for 6/21/12." Johnson Dec. Attachment 10.

5. The Marshals picked up Petitioner on May 21, 2012, one month before he was scheduled to start his state parole.

6. Petitioner appeared in federal court on May 23, 2012 and signed an Interstate Agreement on Detainers waiver stating he wanted to waive his "right to remain in federal custody" and requested to "be promptly returned to state custody, prior to the completion of the trial on [his] federal charges." Petitioner's Exhibit 9. The Marshals did not return Petitioner to state custody until August 27, 2014.

7. MDOC suspended Petitioner's parole on May 22, 2013 because "[s]ubject has incurred pending charges from US Marshal Service for stealing mail/check fraud. . . ." Petitioner's Exhibit 12.

8. The Eastern District sentenced Petitioner on July 16, 2014 to a 60-month term of imprisonment to be served concurrently with his undischarged state sentence. Johnson Dec. Attachment 7. Petitioner was also sentenced to 24-months, to be served consecutively to his other federal sentence, for violating probation. Johnson Dec. Attachment 8. He was returned to the state on August 27, 2014 and began his state parole on November 26, 2014. Johnson Dec. ¶¶ 14-15; Johnson Dec. Attachment 14.

9. Upon Petitioner's return to the BOP, BOP calculated Petitioner's federal sentence as beginning on the date of sentencing, July 16, 2014, in order to run his federal sentence concurrently with his state sentence as ordered by the Eastern District. Johnson Dec. Attachment 1 at 5. Petitioner received jail credit for the period of time between October 11 and December 21, 2009. *Id.* at 4. The BOP calculated Petitioner's release date to be July 27, 2019.

10. After exhausting his administrative remedies, Petitioner filed this habeas petition arguing he is entitled to credit on his federal sentence for time spent in custody between June 21, 2012 and July 16, 2014. He argues the Marshals mistakenly assumed he had been paroled by the State of Michigan on June 21, 2012 and thus did not return him to the MDOC to

officially begin his term of parole. As a result, the two years he spent in "primary state custody" was "needlessly" credited towards his state sentence instead of his federal sentence.

11. Petitioner was incarcerated in FCI Fort Dix, New Jersey at the time he filed this § 2241 petition. Therefore, this Court had jurisdiction over the petition as the district in which Petitioner was confined at the time of filing, and it continues to retain jurisdiction even though Petitioner has subsequently been transferred to FCI Milan, located in the Eastern District of Michigan. *See Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004) (citing *Ex parte Endo*, 323 U.S. 283 (1944)); *see also Gorrell v. Yost*, 509 F. App'x 114, 118 (3d Cir. 2013).

12. Although the Court continues to retain jurisdiction over the petition, the parties shall be ordered to show cause why this petition should not be transferred to the Eastern District for resolution.

13. Section 1404(a) of Title 28 permits a court to transfer venue for "the convenience of parties and witnesses . . . to any district or division to which all parties have consented."

14. Petitioner raises factual questions that may require an evidentiary hearing.[1] For instance, Petitioner alleges the Marshals did not promptly return Petitioner to MDOC custody to begin his state parole because the Marshals were operating under the mistaken belief Petitioner had already been paroled.

15. The record provided by the parties could be reasonably read to support Petitioner's argument. According to the USM-129 Data sheet, the Marshals listed Petitioner as having been paroled from MDOC as of June 21, 2012. *See* Johnson Dec. Attachment 5 § II. An August 14, 2014 email from Petitioner's case manager at FCI Milan reads: "I am getting conflicting information about inmate Detloff. The Marshals are telling me that he is done with his state time. . . . When I look him up on the MDOC website it still shows that he is on writ." Johnson Dec. Attachment 12 at 4. An unidentified Marshal wrote on August 19, 2014: "[Detloff] paroled to our custody." *Id.* at 2-3. In response, the MDOC wrote on August 20: "This is incorrect. His parole was suspended. He needs to be returned to our custody for us to process his Parole to Fed detainer. The attachment that was sent was not an Order for Parole." *Id.* at 2.

---

[1] The Court makes no findings at this time whether an evidentiary hearing is in fact warranted.

16. Given the factual dispute, in essence whether the Marshals failed to return Petitioner to state custody due to a misunderstanding in Petitioner's parole status, it may be necessary to hear testimony from the state and federal officials with knowledge regarding Petitioner's movements prior to his federal sentencing. Petitioner's state and federal sentences are from Michigan, and persons with knowledge of the facts are located in Michigan. Petitioner is also presently incarcerated in the Eastern District. Therefore, the parties and witnesses may be better served by transferring this action to the Eastern District should a hearing be necessary.

17. As the parties must consent to transfer under § 1404(a), the parties are ordered to show cause why this Court should not transfer this action to the Eastern District of Michigan for resolution.

18. Any objection to transfer must be filed within 14 days of the date of this Opinion and Order. The Court will presume the parties consent to the transfer if no objection is received.

19. An appropriate order follows.

**July 27, 2017**　　　　　　　　　　**/s Jerome B. Simandle**
Date　　　　　　　　　　　　　　　　JEROME B. SIMANDLE
　　　　　　　　　　　　　　　　　　U.S. District Judge